U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC 0 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KURT ALBERT, ET AL. | CIVIL ACTION NO. 05-516 (LEAD) |
| versus | JUDGE TRIMBLE |
| MARSH USA INSURANCE CO., ET AL. | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING AND ORDER

Before the court is a motion in limine [R. 38] filed by defendants Landstar Ligon, Inc. and Kenneth Jordan (herein "defendants") which seeks an order excluding discogram/discography (herein "discogram") evidence as to Paul Reed and Keith Dorn[1] on the basis that such evidence does not meet the criteria set forth in <u>Daubert v. Merrill-Dow Pharmaceuticals, Inc.</u>[2] and <u>Kumho Tire Co., Ltd. v. Carmichael</u>[3] and, therefore, are inadmissible under Federal Rule of Evidence ("FRE") 702. For the reasons expressed below, the court finds that this motion should be DENIED.

Keith Dorn (herein "Dorn") is one of several plaintiffs alleging injuries resulting in loss stemming from a 2003 collision on I-10 in Calcasieu Parish. Defendants dispute the reliability of discogram evidence pertaining to Dorn's alleged injuries, asserting that discograms are

---

[1] Plaintiff Paul Reed dismissed all claims in this suit and, as such, is no longer a party to this suit. Accordingly, this ruling pertains only to Dorn as a remaining plaintiff.

[2] 509 U.S 579 (1993).

[3] 526 U.S. 137 (1999).

1

controversial in nature and produce a high number of false positive results. Moreover, defendants assert that Dorn's own psychological history makes the discogram evidence even less reliable, due to the subjective nature of the test itself.

A discogram is a test performed for the purpose, generally, of determining whether or not a patient's reported back pain originates from a particular invertebral disc.[4] The test consists of injections of nonirritating radio-opaque dye into several discs while the patient is awake.[5] The dye injections are monitored by radiography.[6] The patient vocalizes his response to each injection, noting the intensity of the pain and whether or not the pain provoked is similar or dissimilar to his regularly reported lower back pain.[7]

Defendants present scholarly articles from several physicians which express the view that discograms are controversial tests subject to high false positive results, especially when the patient is in litigation or has a history of psychological abnormality.[8] Defendants point out that Dorn exhibits both of these characteristics in that he is currently involved in litigation and was hospitalized for attempted suicide in 2000.[9]

Defendants also point out that Dorn underwent two discograms and several MRIs, of which on ly the latest discogram was positive for disc abnormality. This second discogram, they

---

[4] "Exhibit 10" to defendants' motion.

[5] Id.

[6] Id.

[7] Id.

[8] "Exhibits 6, 10, 11" to defendants' motion.

[9] "Exhibit 1" to defendants' motion, at pp. 20-23.

2

contend, was only positive because it was conducted with higher pressure injections, which is also a contributing factor toward high false positive results. For these reasons, defendants argue that all discogram evidence and medical expert testimony related to such evidence should be excluded at the trial of this matter.

Plaintiff responds by arguing that, while discograms may be conducted for various reasons and under high or low pressure, they are widely-performed and generally found to be admissible under the requirements of FRE 702 as interpreted in Daubert. Plaintiff points out that guidelines exist as to the proper administration of these tests, which demonstrate their widespread usage. Further, plaintiff asserts that Dorn's first discogram was not, as defendants suggest, wholly contradicted by his second discogram. For these reasons, plaintiff argues that the motion before us should be denied.

Having examined the arguments and evidence before us, the court finds that the main theoretical disputes concerning discograms, as discussed in the journal articles by Drs. Silber, et al., Carragee and Hannibal, pertain to the subjective nature of the test in that its results are determined, in large part, by the responses of the patient. These articles suggest that when the patient is in litigation and stands to gain financially from a diagnosis which can be linked to the claim at issue and/or suffers from psychological instability, the patient may respond to the injections in such a way that results in high false positive test outcomes. We find that this is an attenuated assessment of Dorn's credibility as a witness, which should be determined by the jury in this case.

The court is familiar with the use of discogram testing and finds that plaintiffs should be allowed to present the results of both discogram tests, as well as expert medical testimony based

3

on these tests at trial. Defendants are, likewise, entitled to present evidence of plaintiff's potential motivation to feign pain or other injury, as well as evidence demonstrating the subjective nature of discogram evidence. Accordingly, it is hereby

ORDERED ADJUDGED AND DECREED that defendants' motion in limine [R. 38] is DENIED.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 5th day of December, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE