U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 1 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KURT ALBERT, ET AL** | : | **DOCKET NO. 05-516 (Lead)** |
| | | **c/w 05CV517, 05CV518, 05CV519** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **KENNETH L. JORDAN, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion in Limine to Exclude the Testimony of Larry Stokes, LRC and Stuart Wood, Ph.D." (Doc. #43) filed by Plaintiffs, Paul Reed and Keith Dorn,[1] wherein the movers seek an order excluding all documents or testimony of defendants' vocational rehabilitation expert, Larry Stokes and economist expert, Stuart Wood, Ph.D. Plaintiffs maintain that Larry Stokes' opinions and/or conclusions are based upon an inadmissible method under the standards required by the United States Supreme Court,[2] and Stuart Wood's opinions are unreliable legal opinions and/or opinions beyond the scope of his expertise.

*Larry Stokes*

Plaintiffs seek to exclude Larry Stokes' opinions regarding Keith Dorn's loss of earning capacity because Mr. Stokes allegedly failed to include Mr. Dorn's pre-accident earning capacity. Federal Rule of Evidence 702 requires that the expert may testify if "(1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3)

---

[1]  Since filing the motion, Paul Reed has settled all claims in this lawsuit.

[2]  *Daubert v. Merrell-Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786 (1993).

the witness has applied the principles and methods reliably to the facts of the case."[3]  "Although mathematical exactness is not required, expert testimony of post-injury earning capacity must be based upon a proper factual foundation."[4]

Mr. Stokes based his vocational opinion on Mr. Dorn's age, education, work history, training, transferable skills, pre-injury physical capacity, post injury physical capacity, job and earnings history, test scores and earning capacity.[5]  After considering the medical opinions of Dr. Cobb, Dr. Hodges, Dr. Rees and Dr. Bernard, Mr. Stokes factored in job availability, a  labor market survey and a job search by contacting actual employers.[6]  Mr. Stokes also administered a variety of tests with known error rates to gauge intelligence, educational achievement, skills, values, vocation preference and attitude.[7]  Finally, Mr. Stokes used wage research from the Department of Labor, a local job search, communication with employers and testing with known error rates.[8]

After considering the arguments and evidence submitted by the parties, the Court finds no merit to Plaintiffs' contention that Mr. Stokes' expert report and opinions are based upon a flawed methodology and/or that his opinions do not comport with Louisiana and federal law on loss of earning capacity.

*Dr. Stuart Wood*

---

[3]  Fed. R. Evid. 702.

[4]  *Elock v. Kmart Corp.,* 233 F.3d 734, 754 (3rd Cir. 2000).

[5]  Defendants' Exhibit B, Affidavit of Larry Stokes, 11/19/2007 and Attachments 7-11.

[6]  *Id.*

[7]  *Id.*

[8]  *Id.*

Plaintiffs complain that because Dr. Woods' testimony regarding his calculation of loss of earning capacity is based on Larry Stokes' opinions,  if Mr. Stokes' opinions are flawed, Dr. Woods calculations would be inherently flawed.  Plaintiffs also complain that Dr. Woods' opinions are legal opinions and/or opinions beyond the scope of his expertise.  Because the Court finds that Mr. Stokes' opinions and report are not flawed, we also hold that to the extent Dr. Woods relied on Mr. Stokes opinions and report, there is no basis for this Court to conclude that Dr. Woods' opinions and reports are unreliable.  Furthermore, the Court finds no merit to Plaintiffs' arguments that Dr. Stokes, who holds a doctorate in economics and finance, is unqualified.

**CONCLUSION**

Based on the forgoing, it is

**ORDERED** that the motion to exclude the testimony of Larry Stokes, LRC and Stuart Wood, Ph.D. is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE