U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 14 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KURT ALBERT, ET AL** | : | **DOCKET NO. 05-516 (Lead)** c/w 05CV517, 05CV518, 05CV519 |
| VS. | : | JUDGE TRIMBLE |
| **KENNETH L. JORDAN, ET AL** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion in Limine to Exclude the Testimony of Dr. Douglas A. Bernard" (doc. #42) filed by Plaintiffs, wherein the movers seek to exclude the testimony and report(s) of Dr. Douglas A. because he allegedly has a documented history of bias against plaintiffs in personal injury actions. Plaintiffs argue that the probative value of Dr. Bernard's testimony is far outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

In response, defendants, Landstar Ligon, Inc. and Kenneth Jordan, maintain that Plaintiffs have offered no concrete evidence that Dr. Bernard is partial towards the defendants in this matter.

There is a presumption that a physician in a personal injury action will conduct properly a physical examination of the plaintiff.[1] "[A]s a general rule, the factual basis of an expert's opinion goes to the credibility of the testimony, not its admissibility, and it is up to the opposing party to examine the factual basis of the opinion in cross-examination."[2] The Fifth Circuit has held that an expert's testimony can be deemed inadmissible in situations where the "opinion is so fundamentally

---

[1] *Walker v. Marcey*, 427 So.2d 678, 681 (La.App. 4 Cir. 1983).

[2] *Rowe v. State Farm Mutual Auto. Ins. Co.*, 670 So.2d 718, 728 (La.App. 3 Cir. 1996), citing *Loudermill v. Dow Chemical Co.*, 863 F.2d 566 (8th Cir. 1988).

unsupported that it can offer no assistance to the jury."[3] Unless the court concludes that an expert's "long history of partiality renders his testimony unreasonably prejudicial or useless to the jury, in which case the testimony may be excluded, testimony must be admitted, subject to cross-examination."[4]

After considering the arguments and evidence submitted by the parties, the Court finds that Plaintiffs have offered no concrete evidence that Dr. Bernard is biased against plaintiffs in personal injury actions. Accordingly, it is

**ORDERED** that the motion in limine to exclude the testimony and report(s) of Dr. Douglas A. Bernard is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[3] *Veterbo v. Dow Chemical Co.*, 826 F.2d 420 (5th Cir. 1987).

[4] *Rowe*, 670 So.2d at 727.