U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 14 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KURT ALBERT, ET AL | : | DOCKET NO. 05-516 (Lead) c/w 05CV517, 05CV518, 05CV519 |
| VS. | : | JUDGE TRIMBLE |
| KENNETH L. JORDAN, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion in Limine to Exclude any Evidence of Plaintiffs' Alleged Use of Illegal Drugs or Evidence of any Criminal Activity Including any Arrests, Misdemeanors or Felonies from the Trial of this Matter" (doc. #37) filed by plaintiffs, Kurt Albert, Benny Bradley, Paul Reed,[1] and Keith Dorn. Plaintiffs seek an order prohibiting defendants, Landstar Lignon and Kenneth Jordan from introducing into evidence any alleged use of illegal drugs by Plaintiffs or evidence of any criminal activity including any misdemeanors, arrests and/or felonies at the trial of this matter.

As a result of an automobile collision, Plaintiffs are seeking damages for their lost wages, loss of earning capacity, medical treatment and medical bills incurred as a result of the accident, as well as general and special damages. Plaintiffs suspect that Defendants may try to introduce evidence of their alleged illegal drug use and criminal records. Plaintiffs maintain that this evidence is wholly irrelevant and should not be admissible at trial. Plaintiffs' counsel asserts that only Keith Dorn is a felon; Mr. Dorn pled guilty to drug possession in May 2001 after which he served three

---

[1] The Court has been informed that Paul Reed had settled all of his claims to this lawsuit.

(3) years of probation. Counsel then asserts that upon information and belief, none of the other plaintiffs have any felony convictions or guilty pleas. Defendants allege that not only does Keith Dorn have more than one felony conviction, Benny Bradley has been convicted of a felony for possession of crack cocaine, among other violent crimes.

*Keith Dorn*

Keith Dorn's criminal record reveals that he pled guilty to a charge of possession of cocaine in May 2001, and he pled guilty to a lesser and included offense of contributing to the delinquency of a minor (the original charge was carnal knowledge of a 14-year-old juvenile) in December 5, 1994. Federal Rule of Evidence 609(b) provides the following regarding time limit:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction of or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Defendants assert that Mr. Dorn was sentenced to three (3) years probation to begin April 1995 and end April 1998. The trial is scheduled for January 22, 2007[2], hence, Defendants maintain that the conviction should be admissible because ten years has not elapsed since Mr. Dorn was released from the sentence imposed (probation) in April 1998. Plaintiffs maintains that in calculating the 10 year time limit, probation is not confinement, thus, the conviction date of December 5, 1994 would start the ten year time limit. Plaintiffs cites *U.S. v. Daniel,*[3] which held that

---

[2] Defendants remark that the ten year time limit concludes either at the time the trial begins or when the witness testifies citing *U.S. V. Cohen,* 544 F.2d 781, 784 (5th Cir. 1977); *U. S. v. Cathay,* 591 F.2d 268, 274 n. 13 (5th Cir. 1979).

[3] 957 F.2d 162 (5th Cir. 1992).

2

under the Rule of Evidence, evidence of a conviction is not admissible if more than ten years have elapsed since release from confinement, and that "release from confinement" is not calculated from the termination date of the period of probation.[4] Accordingly, the Court finds that the 1994 conviction is not admissible; however, the May 2001 conviction for possession of cocaine will not be excluded.

Plaintiffs maintain that Mr. Dorn's July 2006 arrest for a second offense of possession of a Schedule II CDS is not admissible because Rule 609 allows only convictions, not arrests (a person is innocent until proven guilty). While the Court agrees with Plaintiffs that arrest are not admissible, one of Mr. Dorn's claims is for loss of earning capacity. Furthermore, Mr. Dorn denied drug abuse to his doctors, thus his credibility is at issue. Therefore, Mr. Dorn's possession and/or use of illegal narcotics is probative because he contends that he would be gainfully employed but for this incident. Accordingly, the Court will allow Defendants to present evidence to prove Mr. Dorn's continued drug use through the testimony of officers and/or lab results of drug tests given.

Plaintiffs maintain that Mr. Dorn's alleged misuse of a Lortab prescription is not admissible. Defendants alleged that Mr. Dorn was using two doctors to prescribe Lortab, a narcotic pain reliever, (from July to August of 2004) in amounts well beyond what was necessary. Plaintiffs have submitted evidence that Dr. Cobb was aware that Mr. Dorn was being treated by Dr. Burnell. However, Dr. Cobb testified that he assumed that he was the *"sole treating physician."*[5] Furthermore, Dr. Cobb was not aware that Dr. Burnell was giving Mr. Dorn pain relievers.[6]

---

[4] See also *United States v. Lopez,* 979 F.2d 1024 (5th Cir. 1992).

[5] Defendant's exhibit 1 to Sur-reply, p. 21.

[6] *Id.* p. 29.

3

Accordingly, this evidence is relevant to the lost wage claim, loss of earning capacity and Mr. Dorn's credibility.

*Benny Bradley*

In 1995, Mr. Bradley was convicted of delivery of a CDS. He received five years of probation. Defendants maintain that the conviction is admissible because it is within the ten year time period using the end of his probationary period as the start of the ten year time limit.[7] For the reasons stated above, this conviction is not admissible because it falls outside the ten year time limit.

Defendants also maintain that Mr. Bradley's other arrests and convictions are admissible because of his claims for loss of earning capacity and because he has lied to the Court during his deposition testimony. In their Reply, Plaintiff's counsel concedes that Mr. Bradley is not making a claim for loss of earnings capacity because he returned to work after the lawsuit was filed; he is only making a wage loss claim for the time he missed work as a result of the injuries suffered in the accident. In his lost wage claim, Mr. Bradley must prove that he was fit for employment in the industrial turnaround industry because he is claiming that but for the accident, he would have been gainfully employed. Defendants have submitted evidence that the workplaces where Mr. Bradley would be potentially employed were drug-free and required drug testing prior to employment. Accordingly, whether or not Mr. Bradley has a history of drug abuse is relevant to his claim for lost wages. Also, Mr. Bradley's credibility is an issue. The jury could potentially find that Mr. Bradley was unfit for employment because of his drug abuse during the time he was injured. As previously stated, arrests without convictions will not be admissible, however, the Court will allow evidence of Mr. Bradley's felony convictions within the 10 year time limit and also the testimony of officers

---

[7] Fed. R. Civ. P. 609(b).

or others regarding his drug use as well as the lab results of any drug tests he may have been given.

For these reasons set forth above, it is

**ORDERED** that the motion to exclude any evidence of Plaintiffs' alleged use of illegal drugs or evidence of any criminal activity including any arrests, misdemeanors or felonies from the trial of this matter is **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that the conviction of Keith Dorn for contributing to the delinquency of a minor on December 5, 1994 shall be excluded. The motion to exclude is denied to the extent that Mr. Dorn's alleged abuse of the prescribed Lortab and July 2006 arrest shall be admitted; Defendants will be allowed to present evidence of Mr. Dorn's drug abuse pertaining to the July 2006 arrest through the testimony of officers or others and/or drug test lab results as well as the May 2001 felony conviction for possession of cocaine. The motion to exclude is as it pertains to Benny Bradley is granted to the extent that the 1995 conviction for delivery of CDS will be excluded as well as any arrests without convictions; the motion is denied to the extent that the Court will allow evidence of Mr. Bradley's convictions within the 10 year time limit, and also the testimony of officers or others regarding his drug use as well as the lab results of any drug tests he may have been given.

**THUS DONE AND SIGNED** on this 14th day of December, 2007 in Lake Charles, Louisiana.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

5